IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THERESA MARTINEZ, et. al.,

    Plaintiffs,

vs.                                                      Case No. 1:14-cv-00251-MV-RHS

AMERICAN MEDICAL SYSTEMS, Inc., et. al.,

    Defendants.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION,
INCLUDING PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

THIS MATTER comes before the Court on the Orders of Reference (Docs. 14 and 22) from the District Court to the undersigned. Plaintiff's [sic] Motion to Remand (Doc. 12) and Defendants' Motion to Stay All Proceedings Pending a Transfer by the Judicial Panel on Multidistrict Litigation (Doc. 19) were referred to the undersigned with instructions to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the District Court an ultimate disposition (See Docs. 14 and 22).

Pursuant to the referrals, a hearing was held on May 7, 2014 to address these matters. The undersigned elected to hear argument relative to Defendants' Motion to Stay (Doc. 19) first. Neither party sought to introduce testimony or evidence.

**PROPOSED FINDINGS OF FACTS**

1. This action was commenced February 10, 2014 by the filing of Plaintiffs' Complaint in the Fourth Judicial District for the State of New Mexico.

2. On March 14, 2014, Defendant American Medical Systems, Inc. ("AMS") removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332.

3. AMS asks the Court to stay all proceedings in the instant litigation pending the MDL Panel's final transfer decision and then to transfer to the MDL proceedings that have been established in the Southern District of West Virginia.

## PROPOSED CONCLUSIONS OF LAW

1. This Court has the authority and inherent power to grant Defendants' Motion and stay these proceedings.

2. The undersigned agrees with and adopts the arguments and authorities propounded by AMS in its Motion to Stay, and concludes that the factors to be considered on the issue of whether to issue a stay of proceedings pending the MDL Panel's decision on transfer include: (1) the judicial resources that would be saved by avoiding duplicative litigation if the case is in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party (See Defendants' Motion to Stay, Doc. 20 at 2-3; see also Pace v. Merck & Co., Inc., No. CIV-04-1356, 2005 WL 6125457 (D.N.M. 2005)).

3. Granting the stay pending the MDL Panel's transfer decision will save this Court from the necessity of duplicating work that will be done by the MDL Panel.

4. The MDL Court is in the best position to decide jurisdictional and remand issues. Such issues are common among other transferred cases.

5. Plaintiffs fail to demonstrate that there is any significant prejudice in requiring them to wait until the MDL Panel renders a transfer decision.

**IT IS THERFEFORE RECOMMENDED** that the Motion to Stay be granted, and that the District Court not consider the Motion to Remand (Doc. 12) and Motion for Expedited Hearing on Motion to Remand (Doc. 13) until the Motion to Stay is fully decided by the District Court.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the District Court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations. If objections are not filed, appellate review will not be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE